# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Howard B. Hammer, Respondent.

Appellate Case No. 2016-000452

---

Opinion No. 27618
Submitted March 10, 2016 – Filed March 30, 2016

---

### DEFINITE SUSPENSION

---

Lesley M. Coggiola, Disciplinary Counsel, and Julie K. Martino, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Thomas H. Pope, III, Esquire, of Pope & Hudgens, PA, of Newberry, for Respondent.

---

**PER CURIAM:**  In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to the imposition of a definite suspension not to exceed one year.  Respondent requests that the suspension be made retroactive to the date of interim suspension.[1] In addition, respondent agrees to pay the costs incurred by ODC and the Commission on Lawyer Conduct in the investigation and prosecution of this matter within thirty days of the imposition of discipline and to complete the Legal Ethics and Practice Program Ethics School prior to reinstatement.  We accept the Agreement and suspend respondent from the practice of law in this state for one year.  The suspension shall not be retroactive to the date of interim suspension. The facts, as set forth in the Agreement, are as follows.

---

[1] Respondent was placed on interim suspension on June 22, 2012.  *In re Hammer*, 398 S.C. 593, 730 S.E.2d 856 (2012).

**Facts**

On June 25, 2012, respondent was charged with first degree assault and battery, malicious injury to personal property, hit and run or leaving the scene with property damage, and unlawful conduct towards a child. The charges resulted from an incident involving a process server who was attempting to serve documents on respondent in connection with a family court proceeding. During the incident, respondent, who was with his two sons, twice made contact with the process server's vehicle while backing his car out of a parking space. Respondent left the scene, but later returned.

On December 15, 2014, respondent pled guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) to leaving the scene with property damage. He was sentenced to 364 days in prison, suspended upon six months' probation. The remaining charges were dismissed.

**Law**

Respondent admits his conduct constitutes a violation of Rule 8.4(e) of the Rules of Professional Conduct, Rule 407, SCACR,[2] and Rule 7(a)(1) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR.[3]

**Conclusion**

We accept the Agreement and suspend respondent from the practice of law for one year from the date of this opinion. Respondent shall, within thirty days of the date of this opinion, pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct. In addition, respondent shall complete the Legal Ethics and Practice Program Ethics School prior to reinstatement. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing he has complied with Rule 30 of Rule 413, SCACR.

---

[2] It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice. Rule 8.4(d), RLDE, Rule 413, SCACR.

[3] It shall be a ground for discipline for a lawyer to violate or attempt to violate the Rules of Professional Conduct, Rule 407, SCACR, or any other rules of this jurisdiction regarding professional conduct of lawyers. Rule 7(a)(1), RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

**BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**

**I would run the one year suspension retroactive to the date of respondent's interim suspension.**

**PLEICONES, C.J.**